UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto

v.                                        Civil No. 15-cv-244-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections et al.[1]

**REPORT AND RECOMMENDATION**

Jonathan Andrew Perfetto has filed a Complaint (doc. no.

1), alleging violations of his federal constitutional rights and

---

[1]In addition to Wrenn, plaintiff names the following defendants to this action: New Hampshire Department of Corrections ("DOC") Commissioner Designee Christopher Kench, DOC Classifications Director Kim Lacasse; (former) DOC Medical and Forensic Services Director Helen Hanks; (former) Northern New Hampshire Correctional Facility ("NCF") Warden Edward Reilly; NCF Chief of Security Capt. Lambertson, whose first name is unknown ("FNU"); NCF Lt. FNU Masse; NCF Shift Commander Lt. FNU Bolla; NCF "Cpl. John Doe"; NCF "Sgt. John Doe"; NCF Corrections Officer ("C.O.") John Doe; NCF C.O. Jane Doe; NCF Hearings Officer FNU Fortier; NCF Case Counselor/Case Manager ("CC/CM") Angela Watson; NCF CC/CM Sue Perrault; (former) New Hampshire State Prison ("NHSP") Warden Richard Gerry; NHSP Chief of Security Jon Fouts; NHSP Reception and Diagnostics ("R&D") Unit Manager Kathleen Anderson; NHSP R&D Lt. John Morin; NHSP Hearings Officer FNU Hickman; NHSP Secure Housing Unit ("SHU") Unit Manager Capt. Ron Gagliardi; SHU Lt. Joe Michaud; SHU Sgt. FNU Marshall; SHU Cpl. Scott Towers; SHU Cpl. Craig Orlando; NHSP C.O. FNU Nemonowski; SHU C.O. FNU Welch; C.O. FNU Aulis; SHU CC/CM Tara Whiting; NHSP Secure Psychiatric Unit ("SPU") Administrator Kevin Stevenson; SPU Unit Manager Capt. Paul Cascio; SPU Sgt. FNU Brown; SPU Sgt. Eric Barbaro; SPU Cpl. Staci Lamontagne; SPU Cpl. FNU Coreless; SPU Sgt. FNU Carver; SPU Cpl. FNU Fleury; Cpl. FNU Kimball; SPU Property Officer Jeff Dionne; SHU C.O. FNU Murray; SPU C.O. FNU Densmore; SPU C.O. FNU Bernsten; NHSP Physician Celia Englander; Health Services Center Nurse Chris, whose last name is unknown; (former) NHSP Physician John Eppolito; and SPU C.O. Ed Kirraine.

the Religious Land Use and Institutionalized Persons Act

("RLUIPA").  The complaint is before the court for preliminary

review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

## Standard

In determining whether a pro se pleading states a claim,

the court construes the pleading liberally.  See Erickson v.

Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal

conclusions, the court considers whether the factual content in

the pleading and inferences reasonably drawn therefrom, taken as

true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723

F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)).

## Discussion[2]

### I.   Claim 1 – Class A Disciplinary Charge
        Claim 2 – Improper Classification

In June 2012, Perfetto was charged with, and pleaded guilty

to a Class A/Major disciplinary infraction of "fighting," after

starting a fight with another inmate.  Perfetto received

disciplinary sanctions and his classification level was upgraded

to C-4.  Perfetto subsequently discovered the existence of a

---

[2]The claim numbers used in this Report and Recommendation
correspond to the numbers used by Perfetto.  See Doc. No. 1.

Class B/Minor disciplinary infraction for "mutual combat," which Perfetto felt was a more appropriate charge.  Perfetto sought unsuccessfully to withdraw his guilty plea.

Perfetto now alleges that his constitutional rights to due process[3] and not to be subjected to cruel and unusual punishment rights were violated by his being charged with the more serious offense of "fighting," and receiving a heightened classification as a result of the severity of that offense.  There is no actionable basis for Perfetto's argument that defendants had any obligation to reduce Perfetto's disciplinary charge or to allow him to plead guilty to the lesser charge.  Further, inmates have no constitutional right to be placed or maintained in any particular classification level and thus Perfetto's C-4 classification does not give rise to a cognizable claim for relief.  See Olim v. Wakinekona, 461 U.S. 238, 245–46 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976).  Perfetto has not pleaded allegations sufficient to state a claim that the restraints imposed upon him resulted in any "atypical and significant hardship" in relation to "the ordinary incidents of

---

[3]Perfetto's complaint invokes the Sixth Amendment, which applies to criminal prosecutions.  The court construes the references to the Sixth Amendment as intending to refer to the Fourteenth Amendment right to due process.

prison life," or that the restraints "exceed[ed] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Perfetto has not, in Claims 1 and 2, alleged any facts to support a claim asserting any violation of his constitutional rights. Accordingly, Claims 1 and 2 should be dismissed.

## II.   **Claim 3 – Failure to Follow PPD 5.25**

Perfetto alleges that, because he is classified as having "Serious and Persistent Mental Illness" ("SPMI"), New Hampshire Department of Corrections Policy and Procedure Directive ("PPD") 5.25 requires that an appropriate mental health worker review any disciplinary report he receives, and provide input as to the infraction and potential sanctions before the report is submitted for a hearing. Perfetto states that on one occasion in December 2012, he was charged with a disciplinary ticket and no SPMI review occurred. Perfetto states that as a result, he was subject to a one-month delay of his eligibility to be classified from C-4 to C-3. Perfetto alleges that the failure to conduct a SPMI review of that charge therefore violated his rights under the Eighth and Fourteenth Amendments.

Perfetto's reference to the Eighth Amendment fails to state a claim for relief, as Perfetto has not alleged facts showing

that the conditions imposed upon him in his C-4 status deprived
him of the minimum measure of civilized life's necessities.
Moreover, Perfetto has no liberty interest in obtaining C-3
classification per se.  He has not pleaded allegations
sufficient to state a claim that the restraints imposed upon him
as a C-4 for one extra month resulted in "atypical and
significant hardship" in relation to "the ordinary incidents of
prison life," or that the restraints "exceed[ed] the sentence in
such an unexpected manner as to give rise to protection by the
Due Process Clause of its own force."  Sandin, 515 U.S. at 484.
Accordingly, Perfetto has not stated a claim for relief under
the Eighth and Fourteenth Amendments, relating to the one-month
delay in his eligibility for C-3 classification.  Accordingly,
Claim 3 should be dismissed.

## III. **Claim 4 – Double Jeopardy**

Perfetto alleges that in January 2013, he was refused C-3
classification due to his December 2012 disciplinary infraction
for fighting, and another classification board was set for April
2013.  At that time, the classification board again denied him
C-3 status due to the December 2012 fighting incident.  Perfetto
states that he had to spend an additional 60 days in C-4 status
beyond what he had expected, and that as a result, he spent

5

nearly a year in the prison's Secure Housing Unit.

Perfetto alleges that these delays violated his Eighth and Fourteenth Amendment rights.[4]  Again, Perfetto has no right to any particular classification status, and thus, cannot assert a constitutional violation for a classification decision that does not violate his underlying sentence, and he has not otherwise pleaded facts showing that he was deprived of humane conditions of confinement, or any liberty interest cognizable through a federal due process claim.  Claim 4 should be dismissed.

## IV.  Claim 5 – Theft of Noncontraband Items
##      Claim 8 – Stolen Mail

Perfetto claims that in 2013 and 2014, he ordered a correspondence course book and subscribed to a number of periodicals, but never received those items.  Perfetto also alleges that in 2013, he wrote to the FBI three times but never received a reply.

Additionally, Perfetto states that on one occasion, officers stole copies of grievance documents from him.  Perfetto also states that some of his legal work went missing while he

---

[4]In his complaint, Perfetto refers to the Fifth Amendment which applies in circumstances where federal agents have taken liberty or property without due process.  The court construes Perfetto's references to the Fifth Amendment as intending to invoke the Fourteenth Amendment Due Process Clause.

changed cells, and personal property of his may have been
missing after a search.  Perfetto accuses defendant officers of
stealing his mail and personal property, in violation of his
rights under the First, Eighth, and Fourteenth Amendments.

      None of the facts asserted in Claims 5 and 8 give rise to
any inference of cruel and unusual punishment, as the
circumstances described do not manifest inhumane conditions of
confinement.  Perfetto has thus not stated any Eighth Amendment
claim upon which relief might be granted.

      To the extent Perfetto asserts that any defendant violated
his rights by stealing his mail, Perfetto has failed to assert
any nonconclusory facts to demonstrate that the mail in question
was improperly seized, or even that it actually reached the
prison.  Absent such a showing, the bald assertion that the mail
was "stolen" is insufficient to state either a First or
Fourteenth Amendment claim.  Moreover, to the extent plaintiff
is alleging that a defendant engaged in negligence resulting in
his loss of property, such a claim is not actionable under
§ 1983.  See Daniels v. Williams, 474 U.S. 327, 335-36 (1986).
To the extent plaintiff is alleging that a defendant
intentionally caused him to lose property, such a claim is not
actionable under § 1983 where the state provides an adequate

post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517,
533 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981).

Perfetto has also failed to demonstrate that he is entitled
to relief concerning allegedly missing personal property.  If
legal paperwork was taken, Perfetto has not stated a claim of
denial of his right of access to the courts, as he has not
demonstrated that the missing paperwork hindered any court
proceeding in which Perfetto was involved or otherwise prevented
him from engaging in litigation.  Further, Perfetto's assertion
that other personal property "may" have gone missing during a
cell search or transfer, his assertions are insufficient to
state a claim that his constitutional rights were violated.
Claims 5 and 8 should thus be dismissed.

**V.    Claim 6 – Denial of Proper Medical Care**

Perfetto states that on August 1, 2012, he complained to a
nurse that his left calf and foot were swollen.  The nurse
examined him and had him see Dr. Celia Englander that day.  Dr.
Englander diagnosed Perfetto with cellulitis, an infection, and
prescribed an antibiotic and an anti-inflammatory medication,
which Perfetto received.  Dr. Englander also gave Perfetto
circulation stockings and other treatment for his swelling.

On August 9, 2012, Perfetto saw another prison physician,

8

Dr. John Eppolito, and told him that he had run out of his
antibiotic medication.  Dr. Eppolito called the pharmacy to
reorder, but the pharmacy indicated that they had previously
dispensed enough medication that Perfetto should not yet have
run out, and the prescription was not refilled.  Dr. Eppolito
did refill the prescription for the anti-inflammatory
medication.

On August 12, 2012, Perfetto was speaking nonsensically and
passed out.  Perfetto's heart rate was elevated and his body
temperature was 107.4 degrees.  He was seen by a nurse and
transported to the hospital in an ambulance.  At the hospital,
Perfetto was diagnosed with septicemia and "MRSA," a bacterial
staph infection.  Perfetto was unconscious for three days, and
spent twelve days in the hospital, followed by three and a half
weeks in the prison infirmary.

Perfetto alleges that Drs. Englander and Eppolito violated
his Eighth Amendment rights by failing to properly diagnose him,
and failing to adequately treat him for his life-threatening
infection.  To assert an Eighth Amendment claim based on
inadequate medical care, plaintiff must establish that the
deprivation was, objectively, "sufficiently serious," and must
also show that, "[s]ubjectively, . . . prison officials

possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2015) (internal quotation marks and citations omitted). "'To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk.'" Penn v. Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted), cert. dismissed, 135 S. Ct. 1732 (2015). Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, No. 14-1120, 2015 U.S. LEXIS 3101 (U.S. May 4, 2015).

Here, Perfetto has alleged the existence of a serious medical need. He does not allege, however, that either Dr. Englander or Dr. Eppolito failed to treat him, or otherwise ignored his complaints. He alleges instead that they failed to conduct proper diagnostic testing, improperly diagnosed him, and failed to recognize that he was suffering from an infection other than cellulitis. An allegation of incorrect diagnosis and

treatment based on the incorrect diagnosis may allege negligence or medical malpractice under state law, but does not demonstrate deliberate indifference to Perfetto's serious medical needs. Accordingly, Claim 6 should be dismissed without prejudice to Perfetto's ability to bring suit based on state law in a state court of competent jurisdiction.

## VI.  **Claim 7 — Improper Cell Searches**

In August 14, 2013, Perfetto states that he threw a "fecal/urine bomb" out of his cell.  Perfetto was placed on "special watch," and all of the containers were removed from his cell.  Perfetto states that during the ensuing two to three weeks, defendant officers conducted three to four cell searches per week, which Perfetto asserts was excessive, and violated his Fourth Amendment rights.  However, "[P]rison officials may search an inmate's cell without regard to the Fourth Amendment prohibition on unreasonable searches."  Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 143 (1st Cir. 2014).  Accordingly, the cell searches of which Perfetto complains did not violate his Fourth Amendment rights, and Claim 7 should be dismissed.

## VII. **Claim 9 — Humiliation by Staff Member**

Perfetto states that on one occasion, an officer was transporting him to an isolation tank in the prison infirmary

due to his suicidality.  Perfetto was directed to remove his
clothing and was left in a hallway to wait for the officer in
only his boxer shorts and t-shirt, where he was seen by other
inmates.  Perfetto states he was humiliated by being seen by the
inmates while in his underwear.

Perfetto asserts that his Eighth Amendment rights were
violated by being placed into a humiliating situation.  The
Eighth Amendment protects inmates from punishment that is
"barbarous" or that contravenes society's "evolving standards of
decency."  Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981).
However, "[n]ot every unpleasant experience a prisoner might
endure while incarcerated constitutes cruel and unusual
punishment within the meaning of the Eighth Amendment."
Richmond v. Settles, 450 F. App'x 448, 455 (6th Cir. 2011)
(internal quotation marks and citation omitted).  Perfetto
alleges that, for a short time, on a single occasion, he was in
view of other inmates while dressed in boxer shorts and a t-
shirt.  Nothing in the complaint suggests that any defendant
acted with an intent to humiliate or otherwise degrade Perfetto,
or that he was otherwise harmed by the incident.  The incident
does not assert the barbarism or indecency required to state an
Eight Amendment claim.  Claim 9, therefore, should be dismissed.

## VIII.    <u>Claim 10 – RLUIPA Violation</u>

Perfetto asserts that in June 2013, he was committed to the prison's Secure Psychiatric Unit ("SPU"), where prison officials refused to give him written religious material from his personal property, including a Bible, a Torah, and religious pamphlets. Perfetto was able to obtain a Bible from the Chaplain upon request, but did not receive the other religious materials which, he asserts, impaired his religious practice.  Perfetto was released from SPU at some point, but was recommitted to that unit in March 2015, at which time he received his religious materials.

Perfetto asserts that the denial of his religious materials violated his right under RLUIPA not to have his religious exercise substantially burdened.  To the extent Perfetto seeks damages against the defendant state actors, he cannot proceed on such a claim.  The State's sovereign immunity precludes a RLUIPA claim for damages against the defendants in their official capacities.  <u>See</u> <u>Sossamon v. Texas</u>, 563 U.S. 277, 285-86 (2011). In the absence of controlling authority, this court should follow the majority of the Circuits to have addressed the issue, and cases from district courts within the First Circuit, in holding that plaintiff cannot proceed on RLUIPA claims for

13

damages against defendants in their individual capacities.  See, e.g., Ali v. N. N.H. Corr. Facility, No. 12-CV-364-SM, 2013 U.S. Dist. LEXIS 77549, at *7 (D.N.H. June 3, 2013) (following majority rule), report and recommendation approved, 2013 U.S. Dist. LEXIS 94172 (D.N.H. July 3, 2013); Cryer v. Spencer, 934 F. Supp. 2d 323, 333-34 (D. Mass. 2013) (collecting cases)).

Perfetto acknowledges that, since the deprivation alleged, his religious materials have been returned, and he has not pleaded facts suggesting any risk that those materials would be taken away.  Perfetto has failed to show that he has standing to assert a claim for injunctive relief under RLUIPA, and he has failed to show that irreparable harm will result unless an injunction issues.  Accordingly, Perfetto's RLUIPA claims for damages and injunctive relief should be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety for failure to state any claim upon which relief might be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the

14

right to appeal the district court's order.  See Garayalde-Rijos

v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


Andrea K. Johnstone
United States Magistrate Judge


December 4, 2015

cc:   Jonathan Andrew Perfetto, pro se

15